UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADRIAN TOSADO,<br>　　　　Petitioner,<br><br>　　　　v.<br><br>UNITED STATES OF AMERICA,<br>　　　　Respondent. | :<br>:<br>:　　No. 5:15-cr-00592-5<br>:　　No. 5:20-cv-02962<br>:<br>:<br>:<br>: |

**O P I N I O N**
Motion to Vacate Sentence, 28 U.S.C. § 2255, ECF No. 324 – Denied
Second Motion to Vacate Sentence, 28 U.S.C. § 2255, ECF No. 360 – Denied and Dismissed

**Joseph F. Leeson, Jr.**　　　　　　　　　　　　　　　　　　　　　　　　　　**March 14, 2025**
**United States District Judge**

　　Petitioner Adrian Tosado pled guilty to Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), conspiracy, and aiding and abetting. He filed a counseled Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 seeking relief pursuant to *Davis*, which held that § 924(c)(3)(B), the "residual clause," is unconstitutionally vague. Because Tosado's completed Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A), the "elements clause," the Motion to Vacate is denied. Tosado's claim that he was not charged with a completed Hobbs Act robbery, asserted in a Second Motion to Vacate, is untimely and without merit. Also lacking in merit is his suggestion that Hobbs Act robbery is unconstitutionally vague post-*Taylor* and that the elements clause is being arbitrarily relied upon. The Second Motion to Vacate is denied and dismissed.

**I.　　LEGAL STANDARDS**

　　**A.　　Motion to Vacate under 28 U.S.C. § 2255 – Review of Applicable Law**

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal defendants can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack. *Davis v. United States*, 417 U.S. 333, 343 (1974); *O'Kereke v. United States*, 307 F.3d 117, 122-23 (3d Cir. 2002). Section 2255 "states four grounds upon which such relief may be claimed: (1) 'that the sentence was imposed in violation of the Constitution or laws of the United States;' (2) 'that the court was without jurisdiction to impose such sentence;' (3) 'that the sentence was in excess of the maximum authorized by law;' and (4) that the sentence 'is otherwise subject to collateral attack.'" *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (quoting 28 U.S.C. § 2255(a)).

B.   **Ineffective Assistance of Counsel – Review of Applicable Law**

To establish counsel's ineffectiveness, a petitioner must show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) the performance was prejudicial to the defense. *Strickland v. Washington*, 466 U.S. 668 (1984). There is a strong presumption that counsel is effective and the courts, guarding against the temptation to engage in hindsight, must be "highly deferential" to counsel's reasonable strategic decisions. *Id.* at 689 (explaining that courts should not second-guess counsel's assistance"). "*Strickland* does not guarantee perfect representation, only a reasonably competent attorney." *Harrington v. Richter*, 562 U.S. 86, 110 (2011) (internal quotations omitted). The court must consider the totality of the evidence, and the burden is on the petitioner. *Strickland*, 466 U.S. at 687, 695. "A habeas petitioner challenging the voluntary nature of his or her guilty plea faces a heavy burden." *Zilich v. Reid*, 36 F.3d 317, 320 (3d Cir. 1994). To satisfy the "prejudice" element in guilty plea cases, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he

would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

## II. BACKGROUND

Adrian Tosado pled guilty to numerous offenses arising from his participation in a string of armed robberies of businesses in Allentown, Pennsylvania. Specifically, he pled guilty to one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a); two counts of Hobbs Act robbery and aiding and abetting in violation of 18 U.S.C. §§ 1951(a) and 2; and one count of using and carrying a firearm during a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 924(c)(1) and 2. In one of the robberies, Tosado entered the store armed with a loaded firearm. *See* Presentence Report; Plea Memo, ECF No. 175. Tosado and his co-defendants pointed their firearms at the clerk who was manning the register. *See id.* They took approximately $525 cash from the register, cigarettes, and more than $1,000 and two cellular phones from a customer. *See id.* Tosado and his co-defendants split the stolen proceeds. *See id.* Tosado was sentenced on the conspiracy and robbery counts to seventy-two (72) months imprisonment and to a consecutive eighty-four (84) months imprisonment on the § 924(c) count.

Tosado filed a counseled Motion to Vacate sentence pursuant to 28 U.S.C. § 2255, asserting that his § 924(c) conviction is unconstitutional pursuant to *Davis*. *See* Mot. ECF No. 324. He acknowledges that the "predicate for the 924(c) conviction is Hobbs Act robbery." *See id.* at 6. Although the motion was filed more than a year after his conviction became final, the motion was filed within one year of the decision in *Davis* and is therefore timely. *See* 28 U.S.C. § 2255(f)(3). A decision on the Motion was stayed pending litigation in the Third Circuit Court of Appeals as to whether Hobbs Act robbery qualifies as a predicate offense under the elements clause of § 924(c). *See* ECF Nos. 326.

Tosado, through counsel, has since filed a Motion to Lift Stay and Notice of Authority stating that in *United States v. Stoney*, 62 F.4th 108, 112-13 (3d Cir. 2023), the Third Circuit Court of Appeals held that a completed Hobbs Act robbery has an element of force and thereby qualifies as a "crime of violence" under § 924(c), which governs Tosado's § 2255 motion. *See* ECF No. 384.

Tosado, acting pro se, filed a Second Motion to Vacate sentence pursuant to 28 U.S.C. § 2255. *See* Sec. Mot., ECF No. 360. In the second motion, Tosado alleges the ineffective assistance of counsel during all stages of the trial process from arraignment to sentencing for, *inter alia*, counsel's failure to object to the Indictment as charging attempted robbery, not robbery. *See id.* at 7-8, 16.[1] He suggests that the claims in his motion, brought five and a half years after his judgment became final, did not come to light until the Supreme Court's decisions in *Sessions*, *Davis* and *Taylor*.[2] Tosado also claims that Hobbs Act robbery is unconstitutionally vague post-*Taylor* and that the elements clause is being arbitrarily relied upon. *See id.* at 8.

The Government filed a Response in Opposition to the first and second Motion to Vacate. *See* ECF No. 392. The Government asserts that despite language in the Indictment under Count Two that includes the words ". . . and attempted to do so, by robbery. . . ,"[3] the count describes a

---

[1] This Court refers to the page numbers assigned by the Court's electronic filing system.
[2] *United States v. Taylor*, 596 U.S. 845 (2022) (holding that an attempted Hobbs Act robbery is not a crime of violence under § 924(c)); *Sessions v. Dimaya*, 584 U.S. 148 (2018) (holding that the definition of "crime of violence" in the Armed Career Criminal Act is unconstitutionally vague).
[3] Count Two charges that defendants:
obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, and attempted to do so, by robbery, in that, defendants JACOB PABON, RUBEN TARRATS and ADRIAN TOSADO unlawfully took and obtained, and aided and abetted the unlawful taking and obtaining of, property, that is, U.S. currency valued at approximately $2,000 and other items, from Sun's Deli & Grocery located at 1341 Union Street, in Allentown, and from customers of Sun's Deli & Grocery, in the presence of employees and customers of Sun's Deli

completed robbery and Tosado admitted to a completed robbery. *See id.* at 3-4. Accordingly, *Stoney* forecloses relief for Tosado. *See id.*

### III. ANALYSIS

Section 924(c) provides for enhanced penalties for anyone who uses a firearm "during and in relation to any crime of violence or drug trafficking crime." *See* 18 U.S.C. § 924(c)(1)(A). "Section 924(c) requires the government to prove that the person committed a qualifying predicate crime of violence." *Stoney*, 62 F.4th at 110-11. However, "it is not necessary that the defendant be separately charged with or convicted of such an offense." *United States v. Lake*, 150 F.3d 269, 275 (3d Cir. 1998). The statute defines "crime of violence" as:

> an offense that is a felony and—
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection A is known as the "elements clause" and subsection B is known as the "residual clause." The Supreme Court in *Davis* held that the "residual clause" is unconstitutionally vague.

*Davis* does not afford Tosado any relief in the above-captioned action because his conviction for a completed Hobbs Act robbery satisfies the "elements clause" of § 924. *See Stoney*, 62 F.4th at 112 (finding that the defendant, who used a loaded gun during a holdup while he and his codefendants stole more than $8,000 from a restaurant was a "completed Hobbs Act

---

& Grocery and against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future to the employees and customers of Sun's Deli & Grocery, by brandishing and using firearms to threaten and control the victims to steal cash and other things of value from them.

Super. Indict. 13.

robbery" that "has as an element the . . . use of physical force against the person . . . of another" (quoting 18 U.S.C. § 924(c)(3)(A))). The Motion to Vacate is therefore denied.

Tosado's Second Motion to Vacate is denied to the extent it claims that Hobbs Act robbery is unconstitutionally vague post-*Taylor* and that the elements clause is being arbitrarily relied upon. *See In re Williams*, No. 22-13997-B, 2022 U.S. App. LEXIS 34715, at *7 (11th Cir. Dec. 15, 2022) ("The [*Taylor*] Court did not hold, or otherwise suggest, that the elements clause was unconstitutionally vague or overbroad, like it had done with regard to § 924(c)(3)(B)'s residual clause in *Davis*."). Tosado does not cite a single case to support his argument; rather, he simply disagrees with Third Circuit law. *See Zettlemoyer v. Fulcomer*, 923 F.2d 284, 298 (3d Cir. 1991) (holding that a 2255 petitioner "must set forth facts to support his contention"); *United States v. Davis*, No. 09-343, 2015 U.S. Dist. LEXIS 98549, at *18-19 n.5 (E.D. Pa. July 28, 2015) (dismissing the 2255 claim for lack of factual or legal support).

To the extent Tosado alleges in the Second Motion to Vacate that trial counsel was ineffective for not challenging the Indictment, the claim is untimely.[4] *See United States v. Tony*, 637 F.3d 1153, 1159 (10th Cir. 2011) (holding that a claim "the indictment failed to state an offense, [] is untimely when raised for the first time in a § 2255 motion"). Under the Federal Rules of Criminal Procedure, a motion alleging a defect in the indictment must be made before trial. *See* Fed. R. Crim. P. 12(b)(3)(B). "When a defendant pleads guilty, he is admitting to his factual guilt and waives his right to appeal any non-jurisdictional defect in the indictment." *United States v. Parsons*, No. 13-104, 2015 U.S. Dist. LEXIS 25036, at *5 (E.D. Pa. Feb. 27, 2015) (citing *Menna v. State of New York*, 423 U.S. 61, 62 n.2 (1975)). Because Tosado's claim

---

[4] Tosado makes other allegations, such as counsel's ineffectiveness for not objecting to the presentence report, *see* Sec. Mot. 18, that are also untimely.

is based on the ineffective assistance of counsel, his challenge to the Indictment had to be raised, at the latest, within one year of the date Tosado's conviction became final (no later than July 1, 2018). *See* 28 U.S.C. § 2255(f) (providing a one-year period of limitations to a motion under 28 U.S.C. § 2255). The Second Motion to Vacate was filed approximately five years later. Contrary to Tosado's suggestion that the alleged error only became known after the Supreme Court's decisions in *Sessions*, *Davis* and *Taylor*, none of these cases recognized the rights he relies upon. *See Harman v. United States*, No. 3:17-CR-325, 2021 U.S. Dist. LEXIS 79239, at *33-34 (M.D. Pa. Apr. 26, 2021) (holding that "'*Davis* does not newly recognize a right related to defective indictments within the meaning of Section 2255(f)(3) such that [the petitioner] can rely on it to make what would otherwise be an untimely Section 2255 argument'" (quoting *Higa v. United States*, 413 F. Supp. 3d 1012, 1013 (D. Haw. 2019))).

  Moreover, Tosado cannot show that he was prejudiced by counsel's failure to challenge the Indictment because the Indictment described a completed Hobbs Act robbery, not merely an attempt, *see* Super. Indict. 13, and Tosado admitted to a completed Hobbs Act robbery at his guilty plea hearing, *see* ECF No. 175. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999) ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument."). Any suggestion that Tosado was not indicted for a completed Hobbs Act robbery, did not have notice of the completed robbery charge, or would not have pled guilty to a completed Hobbs Act robbery is therefore frivolous. *Accord United States v. Roberts*, No. 15-387, 2020 U.S. Dist. LEXIS 212259, at *9 (E.D. Pa. Nov. 13, 2020) (determining that the petitioner failed to establish prejudice for the Indictment's failure to include his felon status because he stipulated at trial that he was a felon at the time of his offense).

The Second Motion to Vacate is therefore denied and dismissed.

## IV.     CONCLUSION

Tosado is not entitled to relief under *Davis* because he committed a completed Hobbs Act robbery, which served as a predicate crime of violence for his conviction under § 924(c). The Motion to Vacate pursuant to 28 U.S.C. § 2255 is denied. The Second Motion to Vacate is denied as to the unsupported challenges to the constitutionality of the Hobbs Act. To the extent it alleges the ineffective assistance of counsel for not challenging Tosado's Indictment as charging only attempted robbery, it is without merit and untimely. The Second Motion to Vacate is denied and dismissed. There is no basis for the issuance of a certificate of appealability.[5]

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[5] "Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit justice or judge' may issue a COA [certificate of appealability] only if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* For the reasons set forth herein, Tosado has not made a substantial showing of the denial of a constitutional right, nor would jurists of reason find the Court's assessment debatable or wrong. *See United States v. Colon*, No. 05-563, 2024 U.S. Dist. LEXIS 160305, at *1-3 (E.D. Pa. Sep. 6, 2024) (finding no basis to issue a COA because the holding in *Stoney* foreclosed the petitioner's ability to argue that a completed Hobbs Act robbery could not serve as a predicate crime of violence for a conviction under § 924(c)).